IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, as Trustee for the First Franklin Mortgage Loan Trust 2005-FF5 Asset-Backed Certificates, Series 2005-FF5, formerly known as Bank of New York, the successor to JPMorgan Chase Bank, N.A.<br><br>           Plaintiff,<br>   v.<br><br>KATHLEEN J. SCHULZE, MICHAEL W. SCHULZE, BANK OF AMERICA, N.A., CITIBANK, N.A., UNITED STATES OF AMERICA, and the INTERNAL REVENUE SERVICE,<br><br>           Defendants. | Case No. 11 C 0762<br><br>Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

Plaintiff The Bank of New York Mellon ("plaintiff"), as trustee for the First Franklin Mortgage Loan Trust 2005-FF5 Asset-Backed Certificates, Series 2005-FF5, formerly known as Bank of New York, the successor JPMorgan Chase Bank, N.A., filed this foreclosure action against defendants Kathleen Schulze and Michael Schulze ("defendants"). Defendants have moved for summary judgment pursuant to Fed. R. Civ. P. 56, arguing that plaintiff is barred from enforcing the promissory note underlying the mortgage pursuant to the Illinois 735 ILCS 5/13-217, also known as the Illinois "single-refiling" rule. For the reasons discussed below, defendants' motion for summary judgment is denied.

## BACKGROUND

On or about February 5, 2005, plaintiff loaned defendants a sum of $495,000.00. The loan was secured by property located at 1193 Cedar Lane, Northbrook, Illinois, 60062. Defendants agreed to make monthly payments towards the loan on the first of every month,

beginning on April 1, 2005. On March 12, 2008, plaintiff filed a complaint to foreclose mortgage in the Circuit Court of Cook County, alleging that as of January 1, 2008, defendants were in default for failure to pay the monthly installments due on the note. The complaint was subsequently voluntarily dismissed by plaintiff.

On February 25, 2009, plaintiff filed a second complaint to foreclose mortgage, alleging that as of November 1, 2008, defendants were in default for failure to pay the monthly installments due on the note. The second complaint was also voluntarily dismissed, and defendants entered into a modification agreement on May 4, 2009, increasing the principal balance, lowering the interest rate, altering the monthly installment amount, and changing the due date of the loan. Plaintiff then filed the instant action on February 2, 2011, and then its first amended complaint to foreclose the mortgage, alleging that defendants are in default due to failure to pay the monthly installments due on the note from August 1, 2010, to present. Defendants moved for summary judgment pursuant to Fed. R. Civ. P 56, alleging that plaintiff is barred from enforcing the promissory note underlying the mortgage pursuant to the Illinois single-refiling rule, because plaintiff has previously filed and voluntarily dismissed two actions to foreclose this mortgage.

## DISCUSSION

**A.     Legal Standard**

A movant is entitled to summary judgment pursuant to Fed. R. Civ. P. 56 when the moving papers and affidavits show that there is no genuine issue of material fact and the movant

2

is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a)[1]; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Once a moving party has met its burden, the nonmoving party must go beyond the pleadings and set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(c); *Becker v. Tenenbaum–Hill Assoc., Inc.,* 914 F.2d 107, 110 (7th Cir.1990). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. *See Green v. Carlson,* 826 F.2d 647, 651 (7th Cir.1987).

A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The nonmoving party must, however, "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson,* 477 U.S. at 252.

**B.   Analysis**

This matter is before the court pursuant to the court's diversity jurisdiction. *See* 28 U.S.C. § 1332. In diversity cases, the court applies federal procedural law and state substantive law, *e.g., Santa's Best Craft, LLC v. St. Paul Fire and Marine Ins. Co.,* 611 F.3d 339, 345 (7th Cir.2010), employing the choice-of-law principles utilized by the forum state, see *United States*

---

[1]Plaintiff inexplicably cites Illinois procedural law in its memorandum in opposition to defendants' motion for summary judgment.  Plaintiff references 735 ILCS 5/2-1005 as the standard for a motion for summary judgment and argues that defendants' affidavits fail to comply with Illinois Supreme Court Rule 191.  Counsel should know that neither are applicable in this court.

3

*Textiles, Inc. v. Anheuser–Busch Cos., Inc.,* 911 F.2d 1261, 1269 (7th Cir.1990). Paragraph 16 of the mortgage states that "this Security Instrument shall be governed by ... the law of the jurisdiction in which the Property is located." Because this provision governs and the property at issue is located in Illinois, the court applies Illinois law. Additionally, the Illinois single-refiling rule is "applicable to the refiling in a federal court of a suit originally filed in an Illinois state court, because it is a rule of preclusion, like *res judicata*; and a federal court is required to give 'full faith and credit' to records of (including judgments in) state judicial proceedings." *Carr v. Tillery*, 591 F.3d 909, 914 (7th Cir. 2010).

Defendants argue that plaintiff's complaint to foreclose mortgage is barred by the Illinois single-refiling rule pursuant to 735 ILCS 5/13-217, which provides that after dismissing a claim, a plaintiff "may commence a new action within one year or within the remaining period of limitation, whichever is greater." According to defendants, because plaintiff filed and voluntarily dismissed its mortgage foreclosure action two separate times in the Circuit Court of Cook County, the instant complaint is an impermissible third filing.

Defendants do not challenge plaintiff's allegations that the parties entered into a modification agreement on the mortgage on May 4, 2009, or that the modification agreement increased the principal balance and changed the interest rate on their mortgage. Nor do defendants dispute that the mortgage is in default because of their failure to pay the monthly installments due from August 1, 2010, to present. There are no genuine issues of material fact as to the existence of the mortgage, defendants' noncompliance with monthly payments due, or the fact that defendants are now in default.

4

To determine whether a suit is a refiling, Illinois state law looks to "whether, had its predecessor been dismissed with prejudice, it would be barred by principles of *res judicata*." *Carr,* 591 F.3d at 915. *Res judicata* "allows a trial court to dismiss an action on the grounds that it is barred by a previous judgment." *LP XXVI, LLC v. Goldstein*, 349 Ill. App. 3d 237, 240 (2004). To apply the doctrine of *res judicata*, there must be "(1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) an identity of cause of action; and (3) an identity of parties or their privies." *Id.* Under Illinois law, the transactional test governs whether there is an identity of cause of action. *Id.* Under the transactional test, "separate claims will be considered the same cause of action for purposes of res judicata if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *Id.* (quoting *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 311 (1998)).

In the instant case, defendants focus on the fact that all three of plaintiff's complaints to foreclose mortgage were brought under the same mortgage. Defendants cite to the Seventh Circuit's decision in *United Central Bank v. KMWC 845, LLC,* 800 F.3d 307 (2015), in which the court, applying Illinois law, determined that the plaintiff's mortgage foreclosure action brought in the United States District Court of the Eastern District of Wisconsin was barred by the Illinois single-refiling rule. *Id.* at 307. The court's ruling was based on the fact that the plaintiff had previously filed and voluntarily dismissed two suits for breach of the promissory note securing the mortgage. *Id.* Thus, the plaintiff's third filing of the same complaint was statutorily barred. *Id.* It is unclear, however, whether the plaintiff's third filing contained the same monthly installment default date ranges that were included in the two previous filings. The district court decision indicated that the plaintiff "asserted the same claims for breach of the notes and the

5

guarantees that it had asserted in the seven lawsuits that it had previously filed and voluntarily dismissed." *United Cent. Bank v. Wells St. Apts., LLC*, 957 F. Supp. 2d 978, 982 (E.D. Wis. 2013).

In the instant case, plaintiff argues that a new set of operative facts give rise to the assertion of relief in the present action. Specifically, the instant filing is based on the default of monthly installments due according to a modification agreement entered into by the parties on May 4, 2009. Although plaintiffs did file and dismiss two prior mortgage foreclosure actions in the Circuit Court of Cook County, the instant complaint alleges default of monthly installments from August 1, 2010, to present -- a range of payments that were not included in either of the previous filings. After the voluntary dismissal of the second suit, the modification agreement was entered into by the parties, which increased the principal balance of the loan, changed the interest rate, and altered the due date of the loan.

Plaintiff's complaint to foreclose mortgage in the instant case is thus based upon defendants' default on monthly installments of principal, interest, and taxes from August 1, 2010, through the present, constituting a separate and distinct harm from any prior complaint to foreclose the mortgage brought in plaintiff's earlier lawsuits. Defendants' failure to pay monthly installments on the mortgage after the voluntary dismissal of the March 12, 2008, and February 25, 2009, mortgage foreclosure claims in the Circuit Court of Cook County are separate and distinct from the facts underlying those prior actions and give rise to a new cause of action. Therefore, plaintiff's complaint would not be barred under *res judicata* and is not barred by the Illinois single-refiling rule.

## **CONCLUSION**

For the reasons stated herein, defendants' motion for summary judgment is denied. This matter is set for a report on status March 15, 2016, at 9:00 a.m.

**ENTER:** **March 2, 2016**

_____
**Robert W. Gettleman**
**United States District Judge**